RIVERA, DEMANDANTE Y APELANTE, *v.* RODRÍGUEZ ET AL., DEMANDADOS Y APELADOS.

No. 3077.—*Visto:* Diciembre 6, 1923. *Resuelto:* Mayo 6, 1924.

REIVINDICACIÓN DE CONDOMINIO HEREDITARIO—CAUSA DE ACCIÓN—PARTICIÓN DE BIENES—ADJUDICACIÓN DE BIENES PARA PAGO DE DEUDAS SIN AUTORIZACIÓN JUDICIAL PREVIA.—Para que pueda prosperar una demanda por la cual un heredero reclama un condominio con sus frutos en una finca que perteneció a la sucesión de su causante, bajo la teoría de que fué adjudicada a un heredero para pago de deudas de la herencia sin previa autorización judicial, es necesario probar que la finca objeto de la reclamación fué adjudicada especialmente para el pago de deudas sin tal requisito.

SENTENCIA de *Enrique Lloreda, J.* (Arecibo), declarando sin lugar la demanda, con costas a la demandante. *Confirmada.*

*L. Mercader,* abogado de la apelante; *A. Lens Cuena,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Emilio Rivera Vélez, Osvaldo de iguales apellidos y Juana de León, únicos hijos y herederos de Eladio Rivera Olivero, practicaron en el año 1912 la partición de los bienes dejados por su padre, en la que Osvaldo y Juana, que eran entonces menores de edad, fueron representados por

un defensor judicial y por la madre, respectivamente. La Corte. de Distrito de Arecibo aprobó esas operaciones particionales las que después fueron protocolizadas en una notaría.

El caudal inventariado ascendió a $2,800 de los que fueron deducidos $800 para pagar una deuda de $500 reconocida ante notario por. el causante, siendo los $300 restantes para gastos de su última enfermedad y de su testamentaría quedando así un líquido de $2,000 que dividido entre los tres herederos correspondió a cada uno la cantidad de $666.66. El heredero mayor de edad Emilio, se hizo cargo de pagar las bajas que con su cuota hereditaria dieron un total de $1,466.66. A la heredera Juana se le pagó su haber hereditario con un condominio de $666.67 en una finca urbana valorada en $1,200. Los $533.33 restantes de esa finca fueron adjudicados a Osvaldo en condominio, a quien también se le dió otro condominio de $133.34 en otra finca valorada en $800 reseñada en el inventario con el número 4 para completar su acreencia de $666.67. En cuanto al heredero Emilio para pagarle sus $1,466.66 le fueron adjudicados un condominio de $666.66 en el resto del valor de $800 de la finca número 4, otra finca valorada en $450 más otros $350 en efectivo y en un crédito, sin que aparezca de esas operaciones particionales que el condominio que se le adjudicó en la finca número 4 lo fuera determinadamente para el pago de deudas, pues todos los bienes le fueron dados indeterminadamente y en conjunto para satisfacerle los $1,466.66.

Emilio y Osvaldo, condueños en la finca número 4 la vendieron después a Antonio Jeanot, quien posteriormente la vendió a Juan Rodríguez Barreto en cuya posesión está.

Diez años después de esa partición Osvaldo y Juana de León, usando ésta el nombre de Juana Rivera de León y representada a causa de su menor edad por su madre, demandaron judicialmente a Juan Rodríguez Barreto para que reconozca que cada uno de ellos dos tienen un condominio

de una tercera parte en la finca que describen, que es la número 4 del inventario, para que le pague sus productos en la misma proporción y para que cese la comunidad entre ellos existente vendiéndose la finca en pública subasta y repartiéndose el precio, alegando como fundamento de esas reclamaciones que la adjudicación de bienes hecha en la partición al heredero Emilio para el pago de deudas y gastos de la herencia es nula por haberse hecho sin obtenerse previamente autorización judicial.

El demandado se opuso a esas reclamaciones y cuando comenzó el juicio desistió Osvaldo de su demanda por lo que continuó con Juana Rivera. Dictada sentencia en contra de la demandante, ésta interpuso el presente recurso de apelación en el que no ha comparecido el demandado apelado.

Como se ve por los hechos expuestos la apelante, que recibió su cuota hereditaria libre de deudas, trata por este pleito de obtener además una tercera parte de la finca número 4 que fué adjudicada a Osvaldo y a Emilio fundándose en que es nula la adjudicación que de ella se hizo para el pago de deudas sin autorización judicial, pero no ha probado que esa finca fué adjudicada a Emilio en ese concepto pues todas las adjudicaciones le fueron hechas indeterminadamente, demostrando más bien las operaciones particionales que el condominio adjudicado a Emilio en esa finca lo fué para el pago de su cuota hereditaria ya que corresponde exactamente en pesos y centavos a la cantidad de $666.66 que como heredero debía percibir, pudiendo racionalmente entenderse que fueron los otros bienes los que se le dieron para el pago de deudas, por cuyo motivo no puede prosperar la demanda establecida contra el actual dueño de la finca porque para que por la nulidad alegada estuviera obligado el demandado a reconocer un condominio a la apelante debió probarse en contra suya que esa finca fué adjudicada especialmente para el pago de deudas, sin haberse obtenido autorización judicial. De prosperar esta demanda con la

prueba que ha sido presentada la apelante podría establecer otra demanda reclamando una tercera parte en los otros bienes adjudicados a Emilio y de este modo recibiría casi el doble de lo que correspondió a cada uno de los otros herederos.

*La sentencia apelada debe ser confirmada.*